Glenn R Meyers, Attorney
The Meyers Law Firm
30 Vesey Street, 4th Floor
New York, New York 10007
(212) 252-1212
themeyerslawfirm@gmail.com


UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------X
BRIAN JOHNSON,

                       Plaintiff,              **Case No.**

                                        **VERIFIED COMPLAINT**

    - against -


THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT aka NYPD and OFFICERS JOHN
AND JANE DOE,

                    Defendants.
-------------------------------------------X

  I.   Introduction:


  1. This is a civil rights action in which the plaintiff BRIAN

    JOHNSON seeks relief for the violation of his rights secured

    by 42 U.S.C. §1983, the Fourth and Fourteenth Amendments to

    the United States Constitution and the laws of the State of

    New York.  Each and all of the various Defendant(s)acts

    alleged herein were done by the defendant(s), their agents,

    servants and employees, to the extent applicable, and each

    of them, under the color of pretense of the statute,

    ordinances, regulations, customs and usages of the City of

New York and State of New York and under the authority of
their office as members of the police force and of said
city.

2. The Defendant(s)subjected the Plaintiff to an array of
violations of his constitutional and legal rights and the
Plaintiff seeks compensatory and punitive damages,
declaratory relief an award of costs and attorney's fees and
such other and further relief as this Court deems just and
proper.

II.   <u>Parties</u>.

3. BRIAN JOHNSON, the plaintiff.

4. Defendant CITY OF NEW YORK was and still is a municipal
corporation duly organized and existing under the and by
virtue of the laws of the City and/or State of New York.

5. Defendant POLICE DEPARTMENT OF THE CITY OF NEW YORK was and
still is an agency and/or department and/or entity of CITY
OF NEW YORK duly organized and existing under the and by
virtue of the laws of the City and/or State of New York.

6. Defendant CITY OF NEW YORK maintains the police department
where personnel, its agents, officers and employees were
hired, trained, managed, directed, supervised and controlled
by the defendant and is thereby liable to the Plaintiff for

the acts complained of herein under among others the theorist of vicarious liability and respondeat superior.

7. The Defendant POLICE DEPARTMENT OF THE CITY OF NEW YORK maintains a police department where personnel, including its agent's, officer and employees were hired, trained managed, directed, supervised and controlled by practice and custom in accordance with certain guidelines and policies describing proper procedure for police officers when interacting with private citizens.

8. At all times hereinafter mentioned Police Officers John or Jane Does #1,2,3,4 and 5 held themselves out to be employees of the defendant POLICE DEPARTMENT OF THE CITY OF NEW YORK acting in the capacity of agents, servants, employees of the defendant CITY OF NEW YORK; plaintiff is unable to ascertain the further names and badge numbers without further discovery and as such is using fictitious designation for the purposes of this lawsuit; such officers are such in their individual and official capacities.

9. At all times hereinafter mentioned the defendant(s)were acting under the color of law as agents, servants, employees and officers of the NYPD or at the direction of or in conspiracy and/or together and otherwise performed ort engaged in conduct incidental to the performance of their professional functions in the course of their duties.

10.  The defendant(s)' acts complained of in this Complaint
     were not objectively reasonable, and were carried out
     intentionally, recklessly and with malice and/or gross
     disregard or the Plaintiff LAMAR JOHNSON's rights.

11.  The limitations in liability as set forth in CPLR 1601 do
     not apply to this action.

12.  The limitations in liability as set forth in CPLR 1601 do
     not apply to this action by reason of one or more of the
     exemptions set forth in CPLR 1602.


     III. The basis for Jurisdiction


13.  This Court has subject matter jurisdiction over federal
     claims pursuant to 28 USC § 1331 and § 1343; this court
     further has supplemental jurisdiction over the claims for
     relief arising under New York statutory and common law
     pursuant to 28 USC § 1376(a) and others because they form
     part of the same controversy and derive from the same set of
     facts.

14.  This action is brought pursuant to 42 USC § 1983 and §
     1988 for violations of Plaintiff's rights under the Fourth
     and Fourteenth Amendments of the United States Constitution
     as well as New York State statutory and common law.

15.  Venue is proper pursuant to 28 U.S.C § 1391(b)(1) and (2)
     in that the Plaintiff in that the Plaintiff resides in the
     district and/or the events in this Complaint took place in
     this district.

IV.  <u>Facts</u>:

16.  On or about the 2nd day of October, 2015 the plaintiff,
     BRIAN JOHNSON was wrongfully convicted of various crimes and
     charges relating to a 2014 incident involving the
     defendant(s) their agents, officers and employees.

17.  That, at all times hereinafter mentioned, and on or about
     May 7, 2020 the Appellate Division, First Department of the
     State of New York rightfully overturned the conviction of
     the plaintiff Brian Johnson regarding an October 2, 2015
     conviction that took place in the County of New York,
     Borough of Manhattan, City and State of New York.

18.  That at all times hereinafter mentioned, during that time,
     the plaintiff BRIAN JOHNSON spent four plus years in prison
     as a result of the wrongful conviction.

19.  That at all times hereinafter mentioned, and on May 7,
     2020, the defendant, **THE CITY OF NEW YORK**, was and still is
     a domestic municipal corporation, duly organized and

existing under and by virtue of the laws of the State of New York.

20.  That, at all times hereinafter mentioned, the defendant, **NEW YORK CITY POLICE DEPARTMENT aka NYPD** was and is a New York City mayoral agency duly existing under the laws and rules of the State of New York.

21.  That at all times hereinafter mentioned, the defendant, NEW YORK CITY POLICE DEPARTMENT aka NYPD is under the auspices of the defendant CITY OF NEW YORK.

22.  That at all times hereinafter mentioned, **OFFICERS JOHN OR JANE DOE 1-10** are officers, agents and/or employs of defendant, THE CITY OF NEW YORK.

23.  That at all times hereinafter mentioned, OFFICERS JOHN OR JANE DOE 1-10 are officers, agents and/or employs of the defendant NEW YORK CITY POLICE DEPARTMENT aka NYPD.

24.  The plaintiff, BRIAN JOHNSON, has complied with all the conditions precedent to the commencement of the within action against the defendants.

25.  That at all times hereinafter mentioned the defendant(s) their agents, officers and/or employs were working within the scope of their employment and/or under the guise and supervision of their employer(s).

26.  That on or about October 2, 2015 the plaintiff BRIAN JOHNSON was convicted of 4 counts of criminal possession of

a forged instrument (event tickets or other) in the second
degree.

27.    That as a result of such conviction, the plaintiff was
caused to be sentenced to 3 ½ to 7 years in jail/prison.

28.    That on or about May 7, 2020, the Appellate Division
First Department unanimously reversed the conviction and as
such the indictment against BRIAN JOHNSON was dismissed.

29.  The plaintiff BRIAN JOHNSON had protested at the trial
that 'all the essential elements of the charges' had not
been proven at the time of trial.

30.    Such conviction was found to be so egregious, extreme
and outrageous by the Appellate Division First Department
that they proclaimed that '..[e]ven if not preserved, we
would review it in the interest of justice…" (referring to
the protestations of the plaintiff, BRIAN JOHNSON at the
time of trial.

31.    That Appellate Division concluded that the evidence was
not sufficient enough to rise to the level of conviction and
that the People failed to prove that the 'defendant'
(plaintiff, BRIAN JOHNSON) knew that the tickets he
possessed were counterfeit.

32.    In fact the Appellate Division found this case this
case to be so egregious and disgraceful as it was shown that
all the 'defendant' (the plaintiff BRIAN JOHNSON) did not

perform the acts he was alleged to perform and yet was still arrested, charged, prosecuted, assaulted, jailed, convicted, imprisoned, served a long time for these alleged crimes, maliciously prosecuted etc. etc.

33.   The plaintiff, BRIAN JOHNSON, was injured as a result of the foregoing.

34.   After serving four plus years in prison, all charges against the plaintiff, BRIAN JOHNSON, were therefore ultimately resolved in his favor.

## **AS AND FOR A FIRST CAUSE OF ACTION IN FAVOR OF THE PLAINTIFF FOR ASSAULT/BATTERY**

35.  That all paragraphs above and below are repeated, restated and realleged as if fully included herein.

36.  *That as a result of the above, the plaintiff BRIAN JOHNSON was caused to spend four years in the prison system of the State of New York.  Everything that happened to BRIAN JOHNSON from the day that he was arrested to the day that he was convicted, October 2, 2015 to the day that he was exonerated May 7, 2020 and continuing is the responsibility of the defendant(s), their officers, agents and employs.*

37. That, on the date of his arrest, thorough his conviction and throughout his illegal incarceration, the plaintiff, BRIAN JOHNSON was assaulted/battered by the defendant(s), and/or defendant(s) by and through their agents, servants and/or

employees and/or it was as a result of this false arrest and illegal incarceration, etc., the plaintiff, BRIAN JOHNSON was caused to be assaulted/battered etc., by others as a direct result of and the fault of the defendant(s).

38. That, the plaintiff, BRIAN JOHNSON, was assaulted/battered without justification and without cause and without excuse.

39. None of the assaults/batters etc. or any physical touching or threat of physical harm would have occurred but for the illegal and unlawful conviction and all other causes of action in this document and unlawful and illegal incarceration.

40. That as a result of the reckless, careless and negligent acts of the defendant(s), the plaintiff was caused to be assaulted and battered.

41. As such the plaintiff BRIAN JOHNSON was damaged for a sum that is greater than the jurisdiction of all lower courts.

## AS AND FOR A SECOND CAUSE OF ACTION
## IN FAVOR OF THE PLAINTIFF
## MALICIOUS PROSECUTION

42. That, the plaintiff, BRIAN JOHNSON, repeats, reiterates, and realleges, each and every allegation as set forth in paragraphs above and below with the same force and effect as if hereinafter more fully set forth at length herein.

43. That, all of the aforementioned acts, committed by police officers, servants, and/or other employees of the

defendant(s) were committed due to the negligence, recklessness and carelessness of the aforementioned police officers, agents, servants and/or other employees of the defendant(s).

44. As a result of the acts, actions, etc., of the defendant(s) the plaintiff BRIAN JOHNSON suffered malicious prosecution at the hands of the defendant(s).

45. Although there was a lack of probable cause, the plaintiff BRIAN JOHNSON was arrested, charged, indicted and later convicted of a crime that he did not commit; the Appellate Division First Department overturned those charges, indictment and conviction; the Appellate Division called the entire matter 'egregious.'

46. The defendant(s) acted with malice and malicious intent in their investigation, arrest, prosecution, indictment, charging etc. of the plaintiff, BRIAN JOHNSON.

47. The defendant(s) negligently, carelessly and recklessly failed to make complete and true statements, failed to fully investigate the facts, made false allegations, misrepresented and/or fabricated the evidence, obtained probable cause through false means and obtained an unwarranted indictment, etc.

48. As such on or about October 2, 2015 the plaintiff BRIAN JOHNSON was wrongly, illegally and unlawfully convicted and as such on May 7, 2020 the plaintiff BRIAN JOHNSON was exonerated of this conviction; he spent four years plus in prison as a result.

49.  As a result of the above the plaintiff BRIAN JOHNSON suffered severe trauma and loss including but not limited to loss of freedom for four years, loss of reputation, health issues, loss of time, deprivation of his family friends and other loved ones, mental and emotional distress and suffering, etc.

50.  As result of the above, the plaintiff BRIAN JOHNSON suffered damages that exceed the jurisdiction of all lower courts.

## AS AND FOR A THIRD CAUSE OF ACTION

### IN FAVOR OF THE PLAINTIFF
### FALSE IMPRISONMENT

51.  That the plaintiff, BRIAN JOHNSON, repeats, reiterates, and realleges, each and every allegation as set forth in all paragraphs above and below with the same force and effect as if hereinafter more fully set forth at length herein.

52.  That the plaintiff BRIAN JOHNSON was caused to be detained without probable cause.

53.  That, the plaintiff, BRIAN JOHNSON was detained/arrested without an arrest warrant, nor any type of warrant.

54.  That, the false detainment/false imprisonment took place in front of and around Madison Square Garden and other locations and wherein the plaintiff, BRIAN JOHNSON, was held against his will by the defendant and/or defendants, their agents,

servants and/or employees from the date of his arrest until the
date he was released and exonerated four years later.

55.  That, the aforementioned false detainment/false
imprisonment of the plaintiff, BRIAN JOHNSON, was carried out by
police officers and/or other servants, agents and/or employees of
the defendant(s).

56.  That, the aforementioned false detainment/false
imprisonment of the plaintiff, BRIAN JOHNSON was carried out by
defendant (s) and/or other servants, agents and/or employees of
the defendant (s) while working within the scope and course of the
employment with the defendant (s).

57.  That, by reason of the foregoing, the plaintiff,
BRIAN JOHNSON, was injured; was rendered sick, sore, lame and
disabled; was and/or will be caused to undergo medical treatment
and advice; was unable to pursue his usual and regular activities;
and, upon information and belief, his injuries are permanent in
nature and effect.

58.  As such on or about October 2, 2015 the plaintiff BRIAN
JOHNSON was wrongly, illegally and unlawfully convicted and as
such on May 7, 2020 the plaintiff BRIAN JOHNSON was exonerated of
this conviction; he spent four years plus in prison as a result.

59.  That, by reason of the foregoing, the plaintiff,

BRIAN JOHNSON, has sustained damages in an amount in excess of the jurisdictional limits of all the lower Courts of the State of New York.

### AS AND FOR A FOURTH CAUSE OF ACTION
### IN FAVOR OF THE PLAINTIFF
### FALSE ARREST

60.   That the plaintiff, BRIAN JOHNSON, repeats, reiterates, and realleges, each and every allegation as set forth in all paragraphs above and below with the same force and effect as if hereinafter more fully set forth at length herein.

61.   That the plaintiff BRIAN JOHNSON was caused to be falsely arrested without probable cause.

62.   That, the plaintiff, BRIAN JOHNSON was arrested without an arrest warrant, nor any type of warrant.

63.   That, the false arrest took place in front of and around Madison Square Garden and other locations and wherein The plaintiff, BRIAN JOHNSON, was arrested against his will by the defendant and/or defendants, their agents, servants and/or employees from the date of his arrest until the date he was released and exonerated four years later.

64.   That, the aforementioned false arrest of the plaintiff, BRIAN JOHNSON, was carried out by police officers and/or other servants, agents and/or employees of the defendant(s).

65. That, the aforementioned false arrest of the plaintiff, BRIAN JOHNSON was carried out by defendant (s) and/or other servants, agents and/or employees of the defendant (s) while working within the scope and course of the employment with the defendant (s).

66. That such false arrest and all other causes of action in this complaint caused over four years of pain and suffering for the plaintiff BRIAN JOHNSON as he was forced to spend over four years in prison as a result of this careless, reckless and negligent act.

67. That, by reason of the foregoing, the plaintiff, BRIAN JOHNSON, was injured; was rendered sick, sore, lame and disabled; was and/or will be caused to undergo medical treatment and advice; was unable to pursue his usual and regular activities; and, upon information and belief, his injuries are permanent in nature and effect, and all other damages that have already been discussed in this document and replead in each and every cause of action.

68. As such on or about October 2, 2015 the plaintiff BRIAN JOHNSON was wrongly, illegally and unlawfully convicted and as such on May 7, 2020 the plaintiff BRIAN JOHNSON was exonerated of this conviction; he spent four years plus in prison as a result.

69. That, by reason of the foregoing, the plaintiff,

BRIAN JOHNSON, has sustained damages in an amount in excess of the jurisdictional limits of all the lower Courts of the State of New York.

### AS AND FOR A FIFTH CAUSE OF ACTION
### IN FAVOR OF THE PLAINTIFF
### FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

70.  The plaintiff, BRIAN JOHNSON, repeats, reiterates, and realleges, each and every allegation as set forth in paragraphs above and below, with the same force and effect as if hereinafter more fully set forth at length herein.

71.  As a result of al the allegations made against the defendant(s) in this document either before this paragraph or after, it is further alleged that the defendant(s)subjected the plaintiff BRIAN JOHNSON to negligent infliction of emotional distress as their conduct was so reckless, careless and negligent that it caused serious emotional and physical injury.

72. The mere fact of spending over four years in prison for no legal, moral or ethical reason and in fact spending the four plus years in prison as a result of malicious prosecution and other wrongdoings in the part of the defendant(s) in and of itself is cause for serious emotional, mental and physical pain and injury.

73.  As a result of the negligent infliction of emotional distress caused to the plaintiff BRIAN JOHNSON, he was caused to suffer physical and emotional injury.

74.  As such the plaintiff BRIAN JOHNSON suffered damages that exceed the jurisdiction of all lower courts.

**AS AND FOR A SIXTH CAUSE OF ACTION
IN FAVOR OF THE PLAINTIFF
FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

75.  The plaintiff, BRIAN JOHNSON, repeats, reiterates, and realleges, each and every allegation as set forth in paragraphs above and below with the same force and effect as if hereinafter more fully set forth at length herein.

76.  As a result of al the allegations made against the defendant(s) in this document either before this paragraph or after, it is further alleged that the defendant(s)subjected the plaintiff BRIAN JOHNSON to intentional infliction of emotional distress as their conduct was so intentional, reckless and careless that it caused serious emotional and physical injury.

77. In fact the defendant(s) actions towards the plaintiff BRIAN JOHNSON were so egregious and awful that they amount to extreme and outrageous conduct, actionable by this cause of action.

78.  Such egregious, awful, extreme and outrageous

conduct on the part of the defendant(s) that is the subject of this complaint, caused the plaintiff, sever emotional distress.

79. The mere fact of spending over four years in prison for no legal, moral or ethical reason and spending the four plus years in prison as a result of malicious prosecution and other wrongdoings and other bad conduct of the defendant(s) in and of itself is cause for serious emotional, mental and physical pain and injury.

80. As a result of the intentional infliction of emotional distress caused to the plaintiff BRIAN JOHNSON, he was caused to suffer physical and emotional injury.

81. As such the plaintiff BRIAN JOHNSON suffered damages that exceed the jurisdiction of all lower courts.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### IN FAVOR OF THE PLAINTIFFS
### VIOLATION OF CIVIL RIGHTS

82. The plaintiff, BRIAN JOHNSON, repeats, reiterates, and realleges, each and every allegation as set forth in paragraphs above and below with the same force and effect as if hereinafter more fully set forth at length herein.

83. That the plaintiff, BRIAN JOHNSON did not commit any illegal act, nor did the individually named defendant(S) have reason to believe he committed an unlawful act, either before or at the time he was falsely detained/imprisoned,

assaulted and battered, excessive force was used against him; and

deprived of his constitutional rights pursuant to the Fourth,

Fifth and Fourteenth Amendments as set forth in the Constitution

of the United States, particularly 42 U.S.C. §1983 and the

Constitution of the State of New York.

84.   That at all times hereinafter mentioned, the

Defendant (s) were employed in their respective capacity by

the defendant(s) and as such was acting under the color of

their official capacity and their acts were performed under the

color of the policies, statutes, ordinances, rules and regulations

of the defendant(s).

85.   Defendant(s) are being sued in their personal

and official capacities for violation of plaintiff's

constitutional rights pursuant to 42 USC, §1983.   Although

defendant(s) knew or should have known of the fact that this

pattern of conduct was carried out by their agents, servants

and/or employees, the defendant (s) have not taken any steps or

made any efforts to halt this course of conduct, to make redress

to the plaintiff or other citizens injured thereby, or to take any

disciplinary action whatever against any of their employees or

agents.

86.   The unlawful and illegal conduct of the defendants,

their agents, servants and/or employees and each of them,

deprived plaintiff, of the following rights, privileges and

immunities secured to him by the Constitution of the United
States and of the State of New York:  The right of plaintiff,
BRIAN JOHNSON, to be secure in his person and effects against
unreasonable search and seizure under the Fourth, Fifth and
Fourteenth Amendments to the Constitution of the United States;
the right of plaintiff, BRIAN JOHNSON, to be informed of the
nature and cause of the accusation against him as secured to him
under the Sixth and Fourteenth Amendments to the Constitution of
the United States; and the right of plaintiff, BRIAN JOHNSON not
to be deprived of life, liberty or property without due process
of law, and the right to the equal protection of the laws
secured by the Fourteenth Amendment to the Constitution of  the
United States.

        87. That the deprivation of plaintiff's Constitutional
rights were the result of the unconstitutional acts of
defendants while acting under color of state law and within the
scope of their employ.

        88.  That the deprivation of plaintiff's
Constitutional rights were the result of the defendant(s)custom
and/or policy of arresting individuals without probable cause.

        89.  That the deprivation of plaintiff's
Constitutional rights was the result of the defendant(s) custom
and/or policy of arresting minorities without probable cause.

90.   That the deprivation of plaintiff, BRIAN Johnson's, Constitutional Rights was the result of the defendant(s) custom and/or policy of failing to discipline officers for arresting individuals without probable cause.

91.   That the said customs and/or policies may be inferred from the existence of other similar Civil Rights actions that have been brought against the defendant(s)

92.   That the detaining of plaintiff, BRIAN JOHNSON without probable cause or justification was the result of customs and/or policies adopted by the defendant(s),

93.   That the deprivation of plaintiff, BRIAN Johnson's Constitutional rights was the result of the defendant(s)false detainment of the plaintiff BRIAN JOHNSON without probable cause.

94.   That the deprivation of plaintiff BRIAN Johnson's Constitutional Rights was a result of the defendant(s) custom and policy in failing to discipline officers for the use of excessive force.

95.   That the deprivation of plaintiff, BRIAN Johnson's Constitutional rights was the result of the defendant(s) use of excessive force, lack of probable cause, etc.

96.   That the customs and/or policies adopted by the Defendant(s) exhibited a deliberate indifference to the

Constitutional rights of plaintiff, BRIAN JOHNSON.

     97.   That by reason of the allegations as set forth in
all of the aforementioned causes of actions, including, but not
limited to the plaintiff's false detainment/imprisonment,
assault and battery, as well as prosecution due to the
negligence of the defendant and/or defendants, in the negligent
hiring, negligent retention, and negligent training of its
various employees and/or police officers, the plaintiff, BRIAN
JOHNSON, was caused to have his civil rights as guaranteed under
the U.S. Constitution, including, but not limited to the Fourth,
Fifth and Fourteenth Amendments, violated by the defendant
and/or defendants herein, as set forth under 42 U.S.C. Section
1983.

     98.   That, by reason of the foregoing, the plaintiff
BRIAN JOHNSON, was injured; was rendered sick, sore, lame and
disabled; was and/or will be caused to undergo medical treatment
and advice; was unable to pursue her usual and regular
activities; and upon information and belief, her injuries are
permanent in nature and effect.

     99.   That this action falls within one or more of the
exceptions as set forth in CPLR Section 1602, involving the
defendant and/or defendants, having acted in reckless disregard
for the safety of others, as well as having performed
intentional acts.

100. That, by reason of the foregoing, the plaintiff, BRIAN JOHNSON, has sustained damages in an amount in excess of the jurisdictional limits of all the lower Courts of the State of New York.

### AS AND FOR AN EIGHTH CAUSE OF ACTION IN FAVOR OF THE PLAINTIFF BRIAN JOHNSON FOR ABUSE OF PROCESS

101. The plaintiff, BRIAN JOHNSON, repeats, reiterates, and realleges, each and every allegation as set forth in all paragraphs above and below, with the same force and effect as if hereinafter more fully set forth at length herein.

102. In addition to all of the other causes of action as alleged in this Complaint the defendant(s)committed an abuse of process in their handling of this matter.

103. The defendant(s), although they knew that the plaintiff, BRIAN JOHNSON was not in possession of any forged instruments or the like, with ulterior motive, accused, arrested and charged the plaintiff BRIAN JOHNSON; such accusation, arrest and charge took BRIAN JOHNSON of the streets and/or was for the purpose of sending a message to his friends, colleagues, associates etc. or for another reason/ulterior motive; it took for years for the plaintiff, BRIAN JOHNSON to receive his exoneration but the damage had already been done.

104.  The willful act of the defendant(s) in accusing, arresting and prosecuting the plaintiff BRAIN JOHNSON was (besides other actionable torts etc. against the defendant(s)) was simply *wrong*, it was the *wrong* thing to do, at the *wrong* time and to the *wrong* person (if any).

105.  For their ulterior motive laden wrongful willful acts the defendant(s) committed a serious abuse of process and abuse of power and should be held accountable as such to make the plaintiff, BRIAN JOHNSON whole.

106.  As such, the defendant(s) should be held liable for their abuse of process for an amount that exceeds the jurisdiction of all lower courts.

**AS AND FOR A NINTH CAUSE OF ACTION
IN FAVOR OF THE PLAINTIFF BRIAN JOHNSON
FOR NEGLIGENCE**

107.  The plaintiff, BRIAN JOHNSON, repeats, reiterates, and realleges, each and every allegation as set forth above and below with the same force and effect as if hereinafter more fully set forth at length herein.

108. The defendant(s) actions against the plaintiff, BRIAN JOHNSON for the all the reasons already stated in this document and for other reasons, and including but not limited to and in in addition to and on top of all the causes of action against

them were negligent in their investigation, accusation, arrest,

abuse, conviction, jailing, imprisoning, mental, emotional and

physical abuse etc.

109.  For all the negligent acts the defendant(s) committed

against the plaintiff, BRAIN JOHNSON as stated in this Complaint

and others, the defendant(s) should have to answer to this Court

and make the plaintiff BRIAN JOHNSON whole.

110. As such, the defendant(s) should be held liable for

their abuse of process for an amount that exceeds the

jurisdiction of all lower courts.

## **CPLR 2016**

That this action falls within one or more of the

exceptions as set forth in CPLR Section 1602, involving the

defendant and/or defendants, having acted in reckless disregard

for the safety of others, as well as having performed

intentional acts.

WHEREFORE, plaintiff, BRIAN JOHNSON, demands

judgment against the defendants, on the First, Second, Third,

and Fourth causes of actions in an amount in excess of the

jurisdictional limits of all of the lower Courts of the State of

New York; together with interest, as well as the costs,

disbursements and legal fees pursuant to 42 U.S.C. Section 1988,

of these causes of action.

Dated:    New York, New York
          May 5, 2023

                              Yours, etc.

                              *Glenn R. Meyers*

                              Glenn R. Meyers
                              The Meyers Law Firm
                              Attorneys for Plaintiff
                              BRIAN JOHNSON
                              30 Vesey Street, 4th Floor
                              New York, New York 10007
                              (212) 252-1212
                              themeyerslawfirm@gmail.com

## ATTORNEY
## VERIFICATION

I, Glenn R. Meyers, an attorney duly admitted to practice law in

the State of New York, do affirm that:

I am the principle in the law firm of The Meyers Law Firm,

attorney for the Plaintiff and I have read the **COMPLAINT** and know

the contents thereof and the same are true to my knowledge,

except those matters alleged on information and belief, and as to

those, I believe to be true. I base my knowledge and belief on

public records, papers and records on file with my office, this

office's investigation and conversations I had with the

Plaintiff.

I make this Verification in lieu of the Plaintiff, as the

Plaintiff is unavailable and not present in the County with

which attorney maintains his office at this time.

*Glenn R Meyers*

_____
Glenn R. Meyers