

**T**HE **C**ITY OF **N**EW **Y**ORK
**L**AW **D**EPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**MARK D. ZUCKERMAN**
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 356-3519
Fax: (212) 788-9776

January 8, 2024

**VIA ECF**
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007

        Re:  <u>Brian Johnson v. City of New York, et. al.</u>, 23 Civ. 3811 (PKC)

Your Honor:

        I am a Senior Counsel in the office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendant City of New York (the "City") in the above-referenced matter.  Plaintiff alleges that his constitutional rights were violated by defendant City herein.  Defendant City hereby respectfully requests that plaintiff be compelled to serve a C.P.L. §160.50 release in accordance with the form required by Local Rule 83.10(1)(a) *forthwith*.

        This case has been designated for participation in Local Rule 83.10.  (Docket 2) Plaintiff's Complaint was served on the City without the required C.P.L. §160.50 release as required by Local Rule 83.10(1)(a).  On December 26, 2023, I contacted plaintiff's counsel, Glenn Meyers, by email, notifying him of his lack of compliance with Local Rule 83.10(1)(a) due to his failure to provide the required release in accordance with Local Rule 83.10(2).  As also required by the Rule, I also provided him by email a copy of Local Rule 83.10.  On December 27, 2023, Mr. Meyers responded by email and informed me that he would "attend to that immediately."  Despite his promise, he still has yet to "attend" to this issue.  On January 4, 2024, I followed up with Mr. Meyers about his failure to serve the required release.  Later that day, Mr. Meyers responded that he would be meeting with his client on January 5, 2024 at 3:30 p.m. so that his client could execute the release.  I again followed up with Mr. Meyers later the evening of January 5, 2024 since I heard nothing.  Since then, there has been "radio silence"

from Mr. Meyers. We therefore write to respectfully request that plaintiff be ordered to serve the required C.P.L. §160.50 release *forthwith*.

District courts have held "that the demand for the execution of Section 160.50 Releases is not discovery, and that the City is entitled to review its own sealed records so that it may conduct the investigation required by Rule 11 prior to answering the Complaint." Cabble v. Rollieson, 04 Civ. 9413 (LTS)(FM), 2006 U.S. Dist. LEXIS 7385, at *28-29 (S.D.N.Y. Feb. 27, 2006) (M.J. Maas). The City is completely unable to defend this case without the required C.P.L. §160.50 release since we cannot obtain sealed documents. Pursuant to Local Rule 83.10(3), the City further requests 60 days to respond to the Complaint from the date that the required release is finally received from plaintiff.

Thank you for your consideration herein.

Respectfully submitted,

/s/ Mark D. Zuckerman

Mark D. Zuckerman
Senior Counsel

cc: All Counsel (via ECF)

Within 14 days, plaintiff shall provide counsel for defendants with a CPL § 160.50 release in accordance with the form required by Local Rule 83.10(1)(a). Failure to do so will result in sanctions under Rule 37, Fed. R. Civ. P.
SO ORDERED.
Dated: 1/8/2024

_____
P. Kevin Castel
United States District Judge