

T**HE** C**ITY OF** N**EW** Y**ORK**

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**MARK D. ZUCKERMAN**
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 356-3519
Fax: (212) 788-9776

February 12, 2024

**VIA ECF**
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007

Re:  Brian Johnson v. City of New York, et. al., 23 Civ. 3811 (PKC)

Your Honor:

        I am a Senior Counsel in the office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendants City of New York (the "City") and NYPD (a non-suable entity) in the above-referenced matter.  In accordance with the Court's Individual Rules of Practice, we write to respectfully request a pre-motion conference in anticipation of a motion to dismiss plaintiff's complaint with prejudice in its entirety pursuant to Rule 12(b)(6), Fed. R. Civ. P.[1]

        Plaintiff alleges that he was wrongfully convicted of criminal possession of a forged instrument on October 2, 2015, arising out of his underlying arrest for selling forged Rangers tickets.  (Complaint, ¶16 and see People v. Johnson, 183 A.D.3d 401 (1st Dep't 2020)). Plaintiff further alleges that the Appellate Division, First Department, "rightfully overturned" his conviction on May 7, 2020.  (See Complaint, ¶17 and People v. Johnson, supra).  Plaintiff contends that he spent over four years in prison as a result of his "wrongful conviction." (Complaint, ¶18).

        "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

---

[1] There are presently no scheduled conferences in this case.

(2007)).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id. (quoting Twombly, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

Plaintiff's underlying claims against the John and Jane Doe defendants are barred the applicable statute of limitations.  The statute of limitations for a section 1983 suit is three years.  Owens v. Okure, 488 U.S. 235, 250-51 (1989).  A claim accrues "when the plaintiff knows or has reason to know" of the harm.  Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002).  "The crucial time for accrual purposes is when the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action." Singleton v. City of New York, 632 F.2d 185, 192 (2d Cir. 1980).

"[W]here a plaintiff fails to amend and identify John Doe defendants in a §1983 action within the statute of limitations period, any amended complaint naming those individuals after the expiration of the statute of limitations cannot be said to relate back under Rule 15(c)(1)(C)."  Miles v. City of New York, 14 Civ. 9302 (VSB), 2018 U.S. Dist. LEXIS 130914, at *15-16 (S.D.N.Y. Aug. 3, 2018) (collecting cases)).  "It is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued."  Tapia-Ortiz v. Doe, 171 F.3d 150, 151-52 (2d Cir. 1999) (quoting Aslanidis v. United State Lines, Inc., 7 F.3d 1067, 1075 (2d Cir. 1993)) (citations omitted).

"This Court's interpretation of Rule 15(c)(1)(C) makes clear that lack of knowledge of a John Doe defendant's name does not constitute a mistake of identity."  Hogan v. Fischer, 738 F.3d 509, 518 (2d Cir. 2013).  "Rule 15(c) does not allow relation back for 'failure to identify individual defendants when the plaintiff knows that such defendants must be named' because such failure 'cannot be characterized as a mistake.'"  Dominguez v. City of New York, 10 Civ. 2620 (BMC), 2010 U.S. Dist. LEXIS 88818, at *3-4 (E.D.N.Y. Aug. 27, 2010) (quoting Barrow v. Wethersfeld Police Dep't, 66 F.3d 466, 470 (2d Cir. 1995), modified, 74 F.3d 1366 (2d Cir. 1996) (per curiam)).  Accordingly, "Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities."  Barrow, 74 F.3d at 470; see also Hickey v. City of New York, 173 Fed. Appx. 893, 895 (2d Cir. 2006) (summary order) (affirming denial of plaintiffs' motion to amend).

Plaintiff cannot contend that he exercised "due diligence, prior to the running of the statute of limitations," either pursuant to Hogan, supra, at 519.  "Federal and New York courts have held that where there is no indication in the record that a plaintiff has exercised due diligence prior to the expiration of the statute of limitations, a plaintiff is not entitled to make use of the 'John Doe' procedure provided in CPLR 1024."  Ceara v. Deacon, 68 F. Supp.3d 402, 409 (S.D.N.Y. 2014).  "Section 1024's 'due diligence' requirement is not forgiving."  Barrett v. City of Newburgh, 720 Fed App'x 29, 33 (2d Cir. 2017) (summary order).  "The onus of identifying an officer defendant's name, or at least making a good faith effort, lies on the plaintiff." Id.

2

(citing <u>Hogan</u>, at 518-19). "Due diligence is not exercised by 'last minute' or token discovery requests." <u>Id</u>. (internal citations omitted) "A plaintiff exercising due diligence will take concrete and timely steps to ascertain an officer defendant's identity, for example by submitting multiple discovery demands, requests under state or federal Freedom of Information laws, or requests [seeking such information]" <u>Id</u>. (internal citations omitted)

Here, at the latest, plaintiff's federal claims against the John Doe defendants accrued on May 7, 2020, three years after the First Department's decision reversing his conviction and dismissing the indictment. <u>See</u> <u>People v. Johnson</u>, <u>supra</u>. To this day, the John and Jane Doe defendants have never been named by amended complaint. Further, there is nothing in the record to indicate that plaintiff made any attempts, much less diligent attempts, to ascertain their identities to the extent he did not have them. As such, plaintiff's claims against the John and Jane Doe defendants should be dismissed with prejudice.

As to his state law claims, plaintiff should have attempted to vindicate such claims "within one year and ninety days after the happening of the event upon which the claim is based." N.Y. GEN. MUN. L. § 50-i(1). As seen, plaintiff's state law negligence, assault, battery, abuse of process, negligent intentional infliction of emotional distress and intentional infliction of emotional distress all accrued, at the latest, on May 7, 2020, when the Appellate Division, First Department, as seen, reversed plaintiff's conviction and dismissed the indictment. <u>Allen v. Antal</u>, 665 F. App'x 9, 12 – 14 (2d Cir. 2016)(summary order) (negligence) (assault) (battery) (citing <u>Bellissimo v. Mitchell</u>, 122 A.D.3d 560, 560 (2d Dep't 2014)); <u>Gordon v. Suffolk Cnty.</u>, 2:21-cv-1653 (JMA) (ARL), 2022 U.S. Dist. LEXIS 223474, at *12 (E.D.N.Y. Dec. 9, 2022) (intentional infliction of emotional distress); <u>Ying Li v. City of New York</u>, 246 F. Supp. 3d 578, 616 (E.D.N.Y. 2017) (abuse of process). Plaintiff's state false arrest claim accrued when plaintiff was released from custody. <u>Williams v. City of New York</u>, 153 A.D.3d 1301, 1305 (2d Dep't 2017). New York's one year and ninety day statute of limitations expired as to all of these claims well before this lawsuit was finally brought on May 5, 2023. For this reason alone, all of plaintiff's state law claims fail against defendants and should be dismissed with prejudice.

Plaintiff makes a claim for malicious prosecution. <u>See</u> <u>Complaint</u>, Second Cause of Action. Where – as here – plaintiff was indicted, <u>see</u> Complaint, ¶45 and <u>People v. Johnson</u>, <u>supra</u>, there is a presumption of probable cause for the purposes of defending against a subsequent claim which may be overcome only with "evidence that the indictment was the product of fraud, perjury, the suppression of evidence by the police, or other police conduct undertaken in bad faith." <u>Green v. Montgomery</u>, 219 F.3d 52, 60 (2d Cir. 2000). "The burden of rebutting the presumption of probable cause requires the plaintiff to establish what occurred in the grand jury, and to further establish that those circumstances warrant a finding of misconduct sufficient to erode the 'premise that the Grand Jury acts judicially.'" <u>Rothstein v. Carriere</u>, 373 F.3d 275, 284 (2d Cir. 2004) (quoting <u>Colon v. City of New York</u>, 60 N.Y.2d 78, 82 (1983)). "Therefore, to rebut a presumption of probable cause at the pleading stage, a plaintiff must plead facts that plausibly allege the existence of fraud, perjury, suppression of evidence, or bad faith on the part of the police defendants." <u>Zanfardino v. City of New York</u>, 15 Civ. 8829 (GHW), 2018 U.S. Dist. LEXIS 39994, at *13 (S.D.N.Y. Mar. 9, 2018) (internal citations omitted). "'Mere conjecture and surmise' are insufficient to rebut the presumption." <u>Id</u>. (quoting <u>Savino v. City of New York</u>, 331 F.3d 63, 72 (2d Cir. 2003)).

Here, plaintiff's complaint is completely silent on any such alleged police misconduct that he alleges gave rise to the indictment.  No such facts are alleged, and to the contrary, the Appellate Division, First Department's decision reversing the conviction was based solely on the finding that the "evidence was not legally sufficient to establish [Johnson's] guilt beyond a reasonable doubt."  People v. Johnson, supra.  Thus, in addition to the statute of limitations, plaintiff's malicious prosecution claim fails and should be dismissed with prejudice.

Plaintiff's false arrest and imprisonment claims (Third and Fourth Causes of Action) also fail.  Plaintiff's federal claim for false arrest is barred by the applicable three year statute of limitations, since such false arrest claims "begin[] to run at the time of detention under legal process," Neal v. Wilson, 239 F. Supp.3d 755, 58-59 (S.D.N.Y. 2017), which from the face of plaintiff's complaint appeared to begin no later than 2015.  (See Complaint, ¶18)  As seen, any state law false arrest claim is time barred as well.  Second, plaintiff's claim fails because an alleged false arrest ends with the Grand Jury indictment.  Zanfardino v. City of New York, 230 F. Supp. 325, 335-336 (S.D.N.Y. 2017).  The gravamen of plaintiff's claims are for the time he served in prison as a result of his conviction following the grand jury indictment.  Thus, it is his claim for malicious prosecution that is determinative here for the damages he has claimed.  Third, plaintiff does not dispute the Appellate Court's finding that he unlawfully sold tickets in the vicinity of Madison Square Garden in violation of law.  See People v. Johnson, supra, at 402 (citing Arts and Cultural Affairs Law §§25.11 [1], 25.35 [4] and People v. Lewis, A.D.3d 595 (1st Dep't (2008)).  As such, there was probable cause for his arrest which defeats such claims as well.  See Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996).

Plaintiff's assault and battery claims (First Cause of Action) fail as well. "Officers executing a lawful arrest are privileged to commit any battery that is reasonably necessary to effect the arrest."  Johnston v. Port Auth. of N.Y. & N.J., No. 09 Civ. 4432 (JG) (CLP), 2011 U.S. Dist. LEXIS 82815, at *35-36 (E.D.N.Y. July 28, 2011); see also Sylvester v. City of New York, 889 N.Y.S.2d 508, 2009 N.Y. Misc. LEXIS 1474, at *8-9 (Sup. Ct. N.Y. County 2009) ("To sustain a cause of action to recover damages for assault . . . there must be some evidence of force exercised in excess of what is inherent in an arrest.").  As seen, such state law claims are time barred.  Further, plaintiff has alleged no facts that any force in excess of what is inherent in an arrest was used.  Finally, there was probable cause for his arrest as seen above.  As such, these claims fail as well and should be dismissed with prejudice.

In his Eighth Cause of Action, plaintiff brings a claim for malicious abuse of process.  For the reasons already stated, such claim is time barred.  Additionally, plaintiff's claim fails on its merits.  Under New York law, a claim for malicious abuse of process will lie against a defendant who: "(1) employs regularly issued legal process to compel performance or forbearance of some act; (2) with intent to do harm without excuse or justification; and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process."  Cook v. Sheldon, 41 F.3d 73, 80 (2d Cir. 2004).  Plaintiff has alleged no facts supporting such claim.  It is thus subject to dismissal with prejudice for all of these reasons.

Plaintiff has also brought a negligence claim in his Ninth Cause of Action.  In order to demonstrate negligence, a plaintiff must "plausibly" allege three elements: "'(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof.'"  Alfaro v. Wal-Mart Stores, Inc., 210 F.3d 111, 114 (2d Cir.

2000) (quoting <u>Akins v. Glens Falls City Sch. Dist.</u>, 53 N.Y.2d 325, 333, 424 N.E.2d 531, 441 N.Y.S.2d 644 (1981)).  "As a matter of public policy [however,] a negligence claim arising out of an investigation or prosecution will not be recognized under New York law."  <u>Rivers v. Tower, Perrin, Forster and Crosby, Inc.</u>, 07 Civ. 5441 (DGT)(RML), 2009 U.S. Dist. LEXIS 26310, at *29 (E.D.N.Y. Mar. 27, 2009).  As seen, this state law claim is time barred.  However, such claim is also subject to dismissal as plaintiff's negligence claim arises entirely out of the subject investigation by the police and/or his subject prosecution.  As such, plaintiff's negligence claim fails for this reason in addition to the statute of limitations.

Plaintiff has also brought a claim for intentional infliction of emotional distress ("IIED") in his Sixth Cause of Action. To state a claim for IIED, a plaintiff must allege i) extreme and outrageous conduct, ii) with the intent to cause emotional distress, iii) a causal connection between the conduct and the alleged injury, and iv) that he/she has suffered severe emotional distress. <u>Howell v. New York Post Co., Inc.</u>, 81 N.Y.2d 115, 121 (1993).  "New York courts have been 'very strict' in applying these elements." <u>Gay v. Carlson</u>, 60 F.3d 83, 89 (2d Cir. 1995) (quoting <u>Martin v. Citibank, N.A.</u>, 762 F.2d 212, 220 (2d Cir. 1985)).  "[T]he standard for stating a valid claim of intentional infliction of emotional harm is 'rigorous, and difficult to satisfy.'" <u>Conboy v. AT&T Corp.</u>, 241 F.3d 242, 258 (2d Cir. 2001) (quoting <u>Howell</u>, <u>supra</u>, at 122).  "The bar is extremely high, and 'this highly disfavored cause of action is almost never successful.'" <u>Semper v. N.Y. Methodist Hosp.</u>, 786 F. Supp.2d 566, 586 (E.D.N.Y. 2011) (internal citations omitted).

Plaintiff has not met these requirements in addition to the claim being time barred. First, a claim for IIED requires that "severe mental pain or anguish" or "severe emotional distress" be pled. <u>See Sang v. Hai</u>, 951 F. Supp.2d 504, 530 (S.D.N.Y. 2013); <u>see Howell</u>, <u>supra</u>, at 121.  A claim for severe emotional distress "must be supported by medical evidence, not the mere recitation of speculative claims." <u>Walentas v. Jones</u>, 257 A.D.2d 352, 353 (N.Y. App. Div. 1st Dept. 1999).  Plaintiff's complaint does not meet this standard.  Second, for plaintiff to prevail on such an IIED claim, he must prove that defendants' acts were "so outrageous in character and so extreme in degree, to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." <u>Howell</u>, <u>supra</u>.  None of the allegations in the complaint remotely approach satisfying this standard of extreme or outrageous conduct.  Third, such theory is one of "last resort" and "no intentional infliction of emotional distress claim will lie where the conduct underlying the claim falls within the ambit of traditional tort liability." <u>Moore v. The City of New York</u>, 219 F. Supp. 2d 335, 339 (E.D.N.Y. 2002). Here, plaintiff's claims are within the "ambit" of malicious prosecution, even if such claim fails. As such, plaintiff's IIED claim fails for all of these reasons.

In his Fifth Cause of Action, plaintiff has brough a claim for negligent infliction of emotional distress ("NIED")  Plaintiff's claim fails for reasons in addition to the claim being time barred.  Traditionally, under New York law, a plaintiff may establish a claim for NIED under 1) a "bystander theory" or, 2) a "direct duty" theory. <u>Baker v. Dorfman</u>, 239 F.3d 415, 421 (2d Cir. 2000).  Neither theory is applicable to the NIED theory pled in plaintiff's complaint. The "bystander theory" requires 1) a threat of physical harm as the result of a defendant's negligence and that 2) the plaintiff consequently suffers emotional injury from witnessing the death or serious bodily injury of a member of his/her immediate family.  <u>Mortise v. United States</u>, 102 F.3d 693, 696 (2d Cir. 1996).  In order to proceed under a "direct duty" theory, a

plaintiff must demonstrate "an emotional injury resulting from a breach of duty which unreasonably endangered plaintiff's own physical safety." Id., at 696.  Neither of these theories applies to plaintiff's allegations herein.  Further, similar to the tort of IIED, courts have held that a claim for NIED does not lie where the claim falls within the ambit of other traditional tort claims.  Caravalho v. City of New York, 13 Civ. 4174 (PKC)(MHD), 2016 U.S. Dist. LEXIS 44280, at *75 (S.D.N.Y. Mar. 31, 2016).  For the same reasons as argued with respect to plaintiff's IIED claims, plaintiff's NIED claims fall within the "ambit of" and are in fact "duplicative" of and subsumed by his claim for malicious prosecution.  Further, "a claim of [NIED] based on intentional conduct is not a viable cause of action."  Jean-Louis v. Am. Airlines, 08 Civ. 3898 (FB)(SMG), 2010 U.S. Dist. LEXIS 77292, at *9 (E.D.N.Y. July 30, 2010).  Plaintiff's claims are for intentional conduct as demonstrated by his [unsupported] claim that the criminal case against him was "egregious and disgraceful."  (See Complaint, ¶32).

In plaintiff's Seventh Cause of Action, he makes a claim for "violation of civil rights."  However, as §1983 provides no substantive rights, Sykes v. James, 13 F.3d 515, 519 (2d Cir.1993), this claim must be dismissed as well for reasons in addition to it being time barred.

Finally, plaintiff makes a claim for municipal liability in his Seventh Cause of Action.  "In order to hold the City of New York liable under 42 U.S.C. § 1983 for an alleged constitutional violation, plaintiff must plead: (1) an official policy or custom that (2) cause[d] [plaintiff] to be subjected to (3) a denial of a constitutional right."  Aquino v. City of New York, 16 Civ. 1577 (GHW), 2017 U.S. Dist. LEXIS 10436, at *8 (S.D.N.Y. Jan. 25, 2017).  A municipality may not be held liable under § 1983 on the basis of *respondeat superior*.  Monell v. Dep't of Social Services, 436 U.S. 658, 694-95 (1978).  To hold a municipality liable as a "person" within the meaning of §1983, a plaintiff must establish that the municipality itself was somehow at fault.  Oklahoma City v. Tuttle, 471 U.S. 808, 810 (1985).

Plaintiff can satisfy the "policy or custom" prong required for municipal liability by alleging "the existence of (1) a formal policy, see Monell, supra, 436 U.S. at 690; (2) actions taken or decisions made by final municipal policymakers that caused the violation of [plaintiff's] rights, see Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84 (1986) (plurality opinion); (3) a practice so persistent and widespread that it constitutes a "custom or usage" and implies the constructive knowledge of policymakers, see Monell, 436 U.S. at 690-91; or (4) a failure to properly train or supervise municipal employees that amounts to "deliberate indifference to the rights of those with whom municipal employees will come into contact."  See City of Canton v. Harris, 489 U.S. 378, 388 (1989). It is well established that a single isolated incident alleged in a complaint, especially where the alleged incident involves only officials below the policymaking level, will not suffice to establish a municipal policy or custom.  Oklahoma City v. Tuttle, supra, at 824.

"[T]he plaintiff must [also] establish a causal connection – an affirmative link – between the policy and the deprivation of his constitutional rights."  Vippolis v. Vill. of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985) (internal quotation marks and citation omitted). "To establish Monell liability, the causal link must be strong; that is, the policy must be the 'moving force' behind a constitutional violation."  Mercado v. City of N.Y., 08 Civ. 2855 (BSJ) (HP), 2011 U.S. Dist. LEXIS 140430, at *23 (S.D.N.Y. Dec. 5, 2011) (quoting Monell, 436 U.S. at 694); see also Morris v. City of New York, 20 Civ. 9314 (GBD), 2021 U.S. Dist. LEXIS 186917, at *19-22 (S.D.N.Y. Sept. 29, 2021) ("Plaintiff's Monell claim fails because the [complaint] does

not sufficiently allege the existence of a policy, custom or practice that was the driving force of any violation of Plaintiff's constitutional rights.").

District courts routinely dismiss boilerplate assertions of municipal liability. Reich v. City of New York, 19 Civ. 6491 (EK)(RER), 2021 U.S. Dist. LEXIS 137948, at *21-24 (E.D.N.Y. July 23, 2021) (M.J. Reyes); Plair v. City of New York, 789 F. Supp. 2d 459, 469 (S.D.N.Y. 2011) (collecting cases). Moreover, wholly conclusory allegations of municipal liability are routinely dismissed by district courts in this Circuit. Demaitre v. City of New York, 18 Civ. 12403 (PGG), 2020 U.S. Dist. LEXIS 189206, at *19-20 (S.D.N.Y. Oct. 11, 2020) ("…[B]oilerplate allegations are not sufficient to state a claim under Monell."). As plaintiff's Monell claim is entirely boilerplate, and there was no underlying constitutional violation in any event, it should be dismissed for this reason alone.

Additionally, plaintiff has not plausibly alleged any municipal practice that was the "moving force" behind his underlying allegations. In fact, the only incident that his complaint touches on is his own. Even as to that claim, plaintiff has failed to plausibly allege an underlying unconstitutional violation. As such, plaintiff's municipal liability claim easily fails.

Finally, plaintiff's claims against the defendant NYPD should be dismissed for the additional reason that the NYPD is a non-suable entity. Soliman v. City of New York, et. al., 15 Civ. 5310 (PKC), 2017 U.S. Dist. LEXIS 50599, at *36 (E.D.N.Y. Mar. 31, 2017) (citing Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007)).

Any other claims that plaintiff may be making fail as a matter of law as well.

Given the strength of defendants' proposed motion, the burden and unnecessary nature of the discovery plaintiff may seek, and the lack of prejudice to any party, defendant seeks a stay of discovery pending the outcome of the proposed motion. See Am. Federation of Musicians v. Atlantic Recording Co., 15 Civ. 6267 (GHW), 2016 U.S. Dist. LEXIS 66201 (S.D.N.Y. Jan. 8, 2016). Pursuant to Local Rule 83.10, we also respectfully request that all deadlines under that Rule be stayed pending the outcome of defendants' motion.

Defendants propose the following briefing schedule: 1) Defendants' motion-March 15, 2024; 2) Plaintiff's response-March 29, 2024; and 3) Defendants' reply-April 12, 2024.

Thank you for your consideration herein.

Respectfully submitted,

/s/ Mark D. Zuckerman

Mark D. Zuckerman
Senior Counsel

cc:     All Counsel (via ECF)